UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| GRANDON REED, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Case No. 2:13-cv-0092-JMS-WGH |
| ) | |
| DICK BROWN, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Grandon Reed for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. WVD 12-10-0152. For the reasons explained in this Entry, Reed's habeas petition must be **denied**.

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

**B. The Disciplinary Proceeding**

On October 27, 2012, Corrections Officer Strawbridge issued Reed a conduct report charging him with Class A assault/battery. The conduct report stated that on that date, Officer Strawbridge witnessed Reed and another offender, Beasley, fighting. It further stated that Beasley was taken to medical for several puncture wounds consistent with a stabbing.

On October 31, 2012, Reed was notified of the charge of Class A assault/battery and was given a copy of the conduct report and the notice of disciplinary hearing (screening report). Reed was notified of his rights and he pled not guilty. He requested the appointment of a lay advocate and two witnesses: Officer Reed and Officer Strawbridge. He also requested physical evidence consisting of the video of the altercation.

Officers Reed and Strawbridge each wrote statements saying that they did not see a weapon during the fight between Reed and Beasley. During shakedowns, a weapon was not recovered. Officer Strawbridge also stated, however, that the injuries sustained by Beasley were consistent with a stabbing.

The disciplinary hearing officer conducted a hearing on November 7, 2012, and found Reed guilty of the charge. Reed was given the following sanctions: a written reprimand, a 30 day loss of phone privileges, one year of disciplinary segregation, 60 days earned credit time deprivation, and a demotion from credit class I to credit class III. In finding Reed guilty, the hearing officer considered the conduct report, staff reports, the statement of the offender, the video summary, witness statements, pictures of offender and incident area, and medical statements.

Reed appealed this disciplinary proceeding through the administrative process without success. He now seeks relief pursuant to 28 U.S.C. § 2254 arguing that his due process rights were denied.

### C.  Analysis

Reed raises three grounds for relief: 1) the evidence was insufficient to find him guilty because no weapon was found; 2) he was denied the right to a copy of exculpatory evidence consisting of medical records, and 3) he was denied evidence he requested, consisting of a statement by Officer Reed, one of the first officers to respond to the incident.

#### 1.  *Sufficiency of the Evidence*

Reed argues that there was insufficient evidence to find him guilty of a Class A assault/battery because no weapon was found. This assertion is without merit.

The "some evidence" standard is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). The Report of Disciplinary Hearing reflects that the hearing officer considered staff reports, the statement of the offender, the video summary, statements from witnesses, medical reports, and physical evidence. A rational adjudicator could readily conclude from all of that evidence that Reed committed Class A assault/battery. The hearing officer noted that offender Beasley was sent to an outside hospital for stab wounds. This supports the finding that Reed was guilty of the charge. *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1994) (a federal habeas court "will overturn the [conduct board=s] decision only if no reasonable adjudicator could have found [the petitioner] guilty of the offense on the basis of the evidence presented"); *see also Hill*, 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board.").

Even though no weapon was recovered and no weapon was seen by the witness officers, the evidence supports a finding of guilt as to the Class A charge. Class A 102 assault/battery is defined as "committing battery/assault upon another person with a weapon (including the throwing of bodily fluids or waste on another person) *or* inflicting serious bodily injury." (emphasis added). The Disciplinary Code for Adult Offenders defines "serious bodily injury" as an "injury to a person that requires urgent and immediate medical treatment."

The hearing officer considered the evidence that indicated that no weapon was found or used, but the hearing officer reasonably relied on the photographs and medical evidence that described Beasley as having "multiple stab wounds" to his right side of his upper back, left upper arm, left scalp above the ear, and under his chin. As noted by the hearing officer, Beasley's wounds required attention at a hospital. The medical report indicated that Beasley experienced profuse bleeding that the prison medical staff could not control. Sufficient evidence supports a finding that Reed inflicted serious bodily injury upon Beasley, and this supports the finding of guilt as to the offense of Class A assault/battery.

### 2.     *Denial of Access to Medical Records*

Reed alleges that he was denied the right to a written copy of the facts (exculpatory evidence) alleged and used as evidence. He contends that he was not provided copies of the medical evidence and that no medical evidence supported an inference that a weapon was used. Due process requires prison officials to disclose material exculpatory evidence to the offender charged, but not evidence that is irrelevant or repetitive. *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007). The screening report indicates that when informed of his procedural rights, Reed requested physical evidence consisting of the video. Reed asserts that he requested *all* physical, written, documentary, and video evidence that will show that there was no weapon used. The

record reflects that he did not request a copy of any medical records. Even if he had, however, such evidence was not exculpatory. The medical evidence showed that offender Beasley sustained "multiple stab wounds to the torso." Docket 13-1 at pp. 2-3. The records contain numerous references to "stab" wounds. *Id.* Moreover, as discussed above, whether or not Reed used a weapon was not dispositive in evaluating the charge against Reed. Reed was not denied access to any exculpatory evidence.

### 3. *Witness Statement*

Reed's claim that his request to obtain a statement from Officer Reed was denied is simply erroneous. The record contains a written statement from Officer Reed. Officer Reed stated that he did not see a weapon. Docket 13-2, p. 3, Exhibit B2. This statement was considered by the hearing officer. Reed's right to call witnesses was honored.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding that entitles Reed to the relief he seeks. Accordingly, Reed's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 08/12/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Grandon Reed
No. 942222
Wabash Valley Correctional Facility
6908 S. Old U.S. Highway 41
P.O. Box 1111
Carlisle, IN 47838-1111

Electronically registered counsel